# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,  :  Case No. 3:09-cr-161
            Also Case No. 3:16-cv-332

            District Judge Thomas M. Rose
- vs -         Magistrate Judge Michael R. Merz

JOHNNY WILKERSON,

    Defendant.  :

## REPORT AND RECOMMENDATIONS

  This criminal case is before the Court on the pro se filing of a Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 22).  The § 2255 Motion is before the Court for initial review under Rule 4 of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

  As with all collateral attacks on criminal judgments at the Dayton location of Court, the case has been referred to the undersigned Magistrate Judge by General Order Day 13-01.

Wilkerson pleads one ground for relief:

> **Ground One:**  In light of *Johnson v. United States,* 135 S. Ct. 2251 (2015), Wilkerson's conviction under 18 U.S.C. § 924(c) is no longer constitutional.

(Motion, ECF No. 22, PageID 85.)

**Procedural History**

In November 2009 Mr. Wilkerson waived indictment and was charged by Information with one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Count One) and one count of discharging a firearm in the course of committing the bank robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Information, ECF No. 2, PageID 3-4).  Having reviewed a Presentence Investigation Report ("PSR") on the offenses, Judge Rose sentenced Wilkerson to thirty-six months on the bank robbery charge and a mandatory minimum consecutive ten years on the firearms charge (Minute Entry and Judgment, ECF Nos. 14, 15).  Sentence was pronounced March 23, 2010, and Wilkerson took no appeal, so his conviction became final when the time for appeal expired fourteen days later.  The instant § 2255 Motion was not filed until August 8, 2016.

# Analysis

18 U.S.C. § 924(c)(1)(A) to which Wilkerson pled guilty provides

> (A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of

2

>law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>(i)
>be sentenced to a term of imprisonment of not less than 5 years;
>(ii)
>if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>(iii)
>if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

Section 924(c)(3) defines "crime of violence" for purposes of (c)(1)(A)

>(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
>(A)
>has as an element the use, attempted use, or threatened use of physical force against the person or property of another, [**the "elements clause"**] or
>
>(B)
>that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [**the "residual clause"**].

Wilkerson's argument is that in light of *Johnson, supra*, the residual clause is unconstitutionally vague and the bank robbery under 18 U.S.C. § 2113(a) does not qualify as a crime of violence under the elements clause.

3

As it was charged in this case, bank robbery under 18 U.S.C. § 2113(a) involves taking money from a bank "by force and violence and by intimidation." (Information, ECF No. 2, PageID 3.) The Sixth Circuit has held that bank robbery thus charged satisfies the elements clause of § 924(c)(3). *United States v. McBride*, ___ F.3d ___, 2016 U.S. App. LEXIS 10538 (6th Cir. Jun. 10, 2016)(Boggs, J.)

Wilkerson's alternative argument is also unsuccessful because the Sixth Circuit has held the residual clause of 924(c)(3) is not unconstitutionally vague. *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), rehearing en banc denied 2016 U.S. App. LEXIS 9974 (6th Cir. May 9, 2016), holding 18 U.S.C. § 924(c)'s definition of crime of violence was not unconstitutional.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the § 2255 Motion be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 9, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

4

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).