# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,   :   Case No. 3:09-cr-161
                                       Also Case No. 3:16-cv-332

                                       District Judge Thomas M. Rose
- vs -                          Magistrate Judge Michael R. Merz

JOHNNY WILKERSON,

        Defendant.   :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS;
## ORDER DENYING STAY

      This criminal case is before the Court on Defendant's Objections (ECF No. 24) to the Magistrate Judge's Report and Recommendations (ECF No. 23) recommending Defendant's Motion to Vacate (ECF No. 22) be dismissed with prejudice.  Judge Rose has recommitted the case for reconsideration in light of Mr. Wilkerson's Objections (ECF No. 25).

      Wilkerson pleads one ground for relief:

> **Ground One:**  In light of *Johnson v. United States,* 135 S. Ct. 2251 [sic; the correct page is 2551] (2015)[*Johnson 2015*], Wilkerson's conviction under 18 U.S.C. § 924(c) is no longer constitutional.

(Motion, ECF No. 22, PageID 85.)  His argument is that, in light of *Johnson*, the residual clause of § 924(c) is no longer constitutional and bank robbery does not qualify as a crime of violence

1

under the elements clause of § 924(c). The Report rejected both arguments on the basis of controlling Sixth Circuit precedent, *United States v. McBride*, ___ F.3d ___, 2016 U.S. App. LEXIS 10538 (6th Cir. Jun. 10, 2016)(bank robbery is a crime of violence) and *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016)(the residual clause of § 924(c) remains constitutional despite *Johnson*). Wilkerson objects to both conclusions.

On the question whether bank robbery qualifies as a predicate crime of violence, Wilkerson refers the Court to *Johnson v. United States*, 559 U.S. 133, 140 (2010), which held that in deciding whether a crime is a violent crime under § 924(c), a federal court must determine whether it "has as an element the use or attempted used of '*violent* force – that is, force capable of causing physical pain or injury to another person." ("*Johnson 2010.*")

The Sixth Circuit did not cite *Johnson 2010* in *McBride*. It did, however, hold that "[b]ank robbery by "force and violence" [quoting 18 U.S.C. § 2213(a)] plainly involves "the use, attempted use, or threatened use of physical force" [quoting the career offender portion of the Sentencing Guidelines]. The element "force and violence" in 18 U.S.C. § 2113(a) is thus equivalent to the "violent force" element required by *Johnson 2010.*

*McBride* discusses another reason why Wilkerson's § 2255 Motion should be dismissed. Insofar as he is making the argument that § 2113(a) does not qualify as a violent offense under *Johnson 2010*, he waived that argument when he failed to appeal from the final judgment in this case. The Sixth Circuit held that McBride had waived any claim he did not qualify as a career offender other than his claim under the residual clause on account of *Johnson 2015*. *McBride, supra,* at *3.

Wilkerson also objects to this Court's reliance on *Taylor, supra*, which Wilkerson argues is in conflict with *Johnson 2015*. All that need be said on that point is that the Sixth Circuit

2

considered *Johnson 2015* in *Taylor* and found it did not compel the conclusion that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. If *Taylor* is wrong, the Supreme Court will in due course tell us so. In the meantime as a District Court within the Sixth Circuit, we are bound by its published precedent.

Finally, Wilkerson adds "as a precautionary measure" as request that this case be stayed pending the Supreme Court's decision in *Beckles v. United States*, 616 Fed. Appx. 415 (11th Cir. Sept. 29, 2015), cert granted, 2016 U.S. LEXIS 4142 Case No. 15-8544(June 27, 2016). In *Beckles*, the 11th circuit held *Johnson* does not control cases in which a person is classified as a career offender under the Guidelines. The Supreme Court granted certiorari on the following issues: (1) Whether *Johnson 2015* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in United States Sentencing Guidelines (U.S.S.G.) § 4B1.2(a)(2) (defining "crime of violence"); (2) whether *Johnson's* constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review; and (3) whether mere possession of a sawed-off shotgun, an offense listed as a "crime of violence" only in commentary to U.S.S.G. § 4B1.2, remains a "crime of violence" after *Johnson*. The Sixth Circuit has held that Guidelines *Johnson* cases should be stayed pending the Supreme Court's decision in *Beckles. In re: Embry*, ___ F.3d ___, 2016 U.S. App. LEXIS 13798 (6th Cir. July 29, 2016); *In re: Patrick*, ___ F.3d ___, 2016 U.S. App. 14878 (6th Cir. Aug. 12, 2016). But this is not a Guidelines case and is squarely controlled by *post-Johnson* Sixth Circuit published precedent. A stay under *Beckles* is DENIED.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the § 2255 Motion be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 31, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).